JOHN F. TURNER ET AL., DEFENDANTS IN ERROR, v. MARK P. WELLS ET AL., PLAINTIFFS IN ERROR.

Argued March 20, 1902—Decided June 16, 1902.

A subcontract for certain work to be done in the erection of a building in this state, provided that the final payment should become due on the completion of the work and on the subcontractor's furnishing to the other party, who was the original contractor, releases of all liens and claims that might arise in the performance of the subcontract. *Held*, that the liens and claims were only such as might arise under the Mechanics' Lien law of this state, and that the subcontractor exonerated himself from the obligation to furnish releases by proving that the original contract for the building, made in writing between the owner and contractor, together with the specifications, was filed in the county clerk's office before the subcontract was made, and that the owner, without any notice under the third section of the act, had settled with the original contractor before this suit was brought.

On error to the Atlantic Circuit Court.

For the plaintiffs in error, *Thompson & Cole.*

For the defendants in error, *William M. Clevenger.*

The opinion of the court was delivered by

DIXON, J.    When this cause came before the court, at November Term, 1899, a judgment for the plaintiffs was reversed, because, as required by a clause of the contract whereon the suit was based, which made the payment due only "upon a complete release of liens for all materials furnished and for all work done, and an absolute release from claims of any kind that might result in the performance of this contract, being furnished to and accepted by" the defendants, the plaintiffs had not shown either that such releases had been given or that there were no such liens or claims to be released. *Turner* v. *Wells,* 35 *Vroom* 269.

At a subsequent trial in the Atlantic Circuit the plaintiffs

attempted to meet this requirement, and having there again obtained judgment, the sole question on the present writ of error is whether they succeeded in doing so.

We think they did.

The contract on which the plaintiffs sued was made December 20th, 1898, between the defendants and James F. Levering, the plaintiffs' assignor, by which the latter agreed to do the concrete and brick work for the erection of a building in Atlantic City that the defendants had agreed with John L. Kelly to construct for him. From the performance of this subcontract no liens or claims, against which the defendants can be thought to have intended to guard themselves by requiring releases, could arise except under our Mechanics' Lien act (*Pamph. L.* 1898, *p.* 538), nor do the defendants suggest any other.

On the last trial the plaintiffs proved (as they had not done before) that the contract between the defendants and the owner (Kelly) was made in writing on December 15th, 1898, and, with the plans and specifications annexed, was filed in the office of the clerk of Atlantic county on December 19th, 1898.

This fact, according to the second section of the statute just mentioned, precluded the possibility of any lien for work or materials subsequently done or furnished, except liens in favor of the defendants themselves; and as the Levering contract was made afterwards, no lien for anything under it could be set up by any other than the defendants. Hence there was no occasion for Levering to furnish a release of liens.

Under the third section of the Mechanics' Lien law "claims" may be made for work done or materials furnished in the erection of a building. But such claims can exist only when the owner of the building is indebted (or, according to the terms of his contract, ought to be indebted) to a master workman or contractor, who is, in turn, indebted to the claimant.

Such a claim might arise under the Levering contract, but only in favor of Levering himself or his assignee, for to no other person could the contractor become indebted under

that contract. And to give such a claim vitality, the sum due from the contractor—that is, the defendants—must have been demanded of them, and payment refused, and written notice thereof served on the owner (Kelly) while yet the latter was indebted to the defendants for the building. But at the trial the uncontradicted evidence was that no such notice had been served on Kelly, and that the defendants had received their final certificate for the construction of the building on May 16th, 1899, and had made their final settlement with the owner on May 20th, 1899, which was seven days before this suit was instituted. Thus the possibility of any "claim" within the intent of this contract was precluded, and there was no occasion for a release of claims.

We therefore conclude that the debt for which this judgment was recovered was shown to have been due before the commencement of this action, and hence the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VROOM. 14.

*For reversal*—None.